## WINKELMAN et al. v. GENERAL MOTORS CORPORATION et al.

District Court, S. D. New York.

Nov. 18, 1942.

See, also, D.C., 39 F.Supp. 826; D.C., 44 F.Supp. 960.

For attorneys, see 48 F.Supp. 485, and 492.

LEIBELL, District Judge.

On November 4, 1942, I filed a memorandum, 48 F.Supp. 490, in which I considered certain objections that had been made to a proposed compromise of the above consolidated stockholders' derivative action. The named defendants and several others had offered $4,000,000 in settlement, on condition that they receive a release in the form annexed to their offer. I held that

"* * * the proposed compromise or settlement should be disapproved unless:—

"(1) There shall be specially excluded from the settlement any claim of General Motors Corporation against the Regent Corporation, John J. Raskob and Pierre S. duPont for any benefits realized by them as a result of the exchange on June 4, 1930 of 2400 Managers Securities Class B shares owned by Regent Corporation for 243,392 shares of General Motors common stock owned by General Motors Corporation.

"(2) The settlement shall be limited to the issues judicially determined on the merits, as set forth in the Conclusions of Law filed herein on April 10, 1942 [D.C., 44 F.Supp. 960]. This would, of course, exclude from the settlement (a) any claims of General Motors Corporation arising from acts or conduct of any of the defendants prior to May 27, 1929 (the earliest date on which the plaintiffs acquired their stock) which may have resulted either in profits or benefits to defendants or in damage to the corporation; and (b) any claim of General Motors Corporation against any of the defendants for excessive compensation paid to them prior to that date.

"(3) The settlement shall be made only with those named as defendants in the consolidated amended complaint herein who contribute to the amount of the settlement. It shall be a settlement of their liability only.

"(4) The amount of the offer shall be increased by $500,000 to $4,500,000."

The memorandum also stated: "If the above limitations on the scope of the settlement and the recommended increase in

the offer are agreed to by the defendants, their attorneys will so advise the Court in writing as soon as possible."

Thereafter counsel for plaintiffs and the defendants' attorneys had further negotiations and defendants stated that they would agree to exclude from the settlement the claim against the Regent Corporation, Mr. Raskob and Mr. Pierre S. duPont (paragraph 1) and would increase the amount of the offer of settlement by $500,000 to $4,500,000, the figure suggested by the Court (paragraph 4). In the course of the negotiations the Court was consulted on the following:

I. The implications in the first sentence of the above-quoted paragraph (2) relating to the Conclusions of Law;

II. Defendants' request that there be included in the settlement all claims based on the reawarding of forfeited bonus stock in the period prior to May 27, 1929 (paragraph 2-a);

III. Defendants' request that there be included in the list of those contributing to the settlement the names of three defendants in the Singer stockholders' action also pending in this Court (paragraph 3); and

IV. The form of an appropriate release.

These points have been embodied in a letter addressed to the Court by the attorneys for the defendants on November 17, 1942, to which they annexed a new form of release (Exhibit A). I have considered their letter and the form of release, in relation to the above quoted paragraphs of my November 4, 1942 memorandum and the Conclusions of Law filed herein on April 10, 1942, D.C., 44 F.Supp. 960. I am of the opinion that the suggested clarification of the first sentence of paragraph 2 is proper; that the modification of subdivision (a) of paragraph (2), so as to include in the settlement any claims based on the reawarding of forfeited stock, prior to May 27, 1929, is warranted for reasons stated in the letter of November 17, 1942; that Mr. Coyle, Mr. C. T. Fisher and the Estate of J. F. Fisher, deceased (named as defendants in the Singer suit), may contribute to this settlement fund and receive releases accordingly; and that the new form of release conforms to the Court's memorandum of November 4, 1942 with the modifications above indicated and approved.

The sentence of the new form of release which embodies the matters in items I and II above, is as follows: "This release shall not cover any claim arising from any act or omission done or occurring prior to May 27, 1929; except that it shall cover any claim growing out of or based upon the alleged invalidity of the General Motors Corporation Bonus, Managers Securities or General Motors Management Corporation Plans, or any amendments thereto, and any claim growing out of or based upon any matter or issue which has been judicially approved in said conclusions of law in connection with the administration of said plans or any amendments thereto."

Concerning this provision the letter of November 17, 1942 states:

"The proposed release is limited to issues determined in the conclusions of law filed April 10, 1942. Some of these issues run through many years and affect years prior to 1929 as well as years after 1929. As to these issues, the release covers claims for all years (up to August 7, 1941) whether before or after 1929. These issues involve the validity of the General Motors Bonus, Managers Securities and Management Plans or amendments thereto, the prices at which bonus stock was awarded, the calculation of bonus without first deducting bonus, the determination of capital employed without adding earnings accrued during the year, the inclusion of treasury stock in capital employed and dividends on treasury stock in earnings, and the redistribution of forfeited stock. All these matters have been judicially passed upon by your Honor and are involved year after year.

"All of the aforesaid matters except forfeited stock were decided in favor of the defendants."

It is apparent from the above that the new form of release specifies certain fundamental issues, many of them accounting questions, which were judicially determined by the Conclusions of Law, a determination which would be applicable to the period prior to May 27, 1929, as well as after that date. As to the amendments to the bonus plan, I decided in Conclusion of Law No. 51 that the action of the Board of Directors on March 25, 1920, in amending the bonus plan so as to provide that

forfeited stock should revert to the bonus fund, was illegal. The above quoted provision of the release, insofar as it refers to amendments to the bonus plan, would include this amendment and release any claim based on the reawarding of forfeited bonus stock for the period prior to May 27, 1929, pursuant to that amendment.

In their letter of November 17, 1942, the attorneys for the defendants advance sound reasons for this provision of the release. The exhibits in this case show that for the period of 1923 to 1929 inclusive these defendants received altogether only 3⅓ per cent of the total of forfeited bonus stock reawarded for those years; that in the year 1922 when they received a substantial part of the forfeited bonus stock (about 18%), the total of the bonus and the forfeited stock awarded for that year was less than the ten per cent bonus permissible under the bonus plan; that for the year 1920 defendants received about thirteen per cent of the forfeited bonus stock reawarded for that year and the reawarding was made more than twenty years ago. For the entire period of 1920 to 1929 the persons being released in the settlement benefited to the extent of $96,205, if the year 1922 be excluded, through the reawarding of forfeited bonus stock. With 1922 included, the total is $262,258. Under the circumstances the inclusion of the forfeited stock item, in the $4,500,000 settlement, has my approval.

Any interested stockholder who wishes to know the amounts contributed to the settlement fund by any of the parties will be furnished the information on written request directed to the Treasurer of General Motors Corporation. The original letter of November 17, 1942, and the new form of release are attached to this memorandum and filed herewith.

Counsel for plaintiffs will submit an order approving the settlement as modified. Two days' notice of the submission of the order for signature should be given to the defendants' attorneys and to the attorneys who appeared and objected to the original offer of settlement, on which a hearing was held October 5, 1942. After an order is signed and the settlement fund is paid over to the Treasurer of General Motors Corporation and the releases delivered, counsel for plaintiffs will submit on the same notice, an appropriate form of judgment.

"John Thomas Smith
"Attorney and Counsellor at Law
"1775 Broadway
"New York
"November 17, 1942,
"Hon. Vincent L. Leibell,
"United States District Court,
"Foley Square,
"New York, N. Y.
"Re: Winkelman et al. v. General
Motors Corporation et al.
"Dear Judge Leibell:

"On September 2, 1942 we submitted an offer to settle the above entitled litigation on terms and conditions described therein. On November 4, 1942, your Honor filed a memorandum disapproving the proposed settlement unless certain modifications were agreed to by the defendants and directing us to advise the court in writing whether the defendants would agree to these modifications.

"We have carefully considered your Honor's memorandum of November 4, 1942 and we believe that a release in the form attached hereto as Exhibit A conforms in principle to your Honor's memorandum. This release and also the recommended increase in the amount of the offer to $4,500,-000 would be agreed to.

"Your Honor will observe that under the proposed release there is specially excluded from the settlement any claim of General Motors Corporation against the Regent Corporation, John J. Raskob and Pierre S. duPont for any benefits realized by them as a result of the exchange of June 4, 1930 of 2400 Managers Securities Class B shares owned by Regent Corporation for 243,392 shares of General Motors common stock owned by General Motors Corporation.

"The proposed release is limited to issues determined in the conclusions of law filed April 10, 1942. Some of these issues run through many years and affect years prior to 1929 as well as years after 1929. As to these issues, the release covers claims for all years (up to August 7, 1941) whether before or after 1929. These issues involve the validity of the General Motors Bonus, Managers Securities and Management Plans or amendments thereto, the prices at which bonus stock was awarded, the calculation of bonus without first deducting bonus, the determination of capital employed without adding earnings

accrued during the year, the inclusion of treasury stock in capital employed and dividends on treasury stock in earnings, and the redistribution of forfeited stock. All these matters have been judicially passed upon by your Honor and are involved year after year.

"All of the aforesaid matters except forfeited stock were decided in favor of the defendants. On the forfeited stock issue your Honor held that the Statute of Limitations barred any claims for the period prior to 1930 and held the defendants Sloan and Smith liable for the period after 1930. The liability for the period after 1930 is reflected in the settlement figure as indicated in your Honor's memorandum of November 4th. As to the period prior to 1930, not only is liability barred by the Statute of Limitations but it is worth noting that the defendants received very little from the redistribution of forfeited stock. PE 31, which contains a year by year analysis of the compensation paid to the defendants from 1918 to 1940, broken down into bonus awards, Managers Securities and Management accruals, PE 18 which sets forth the total amount of forfeited bonus stock reawarded in each year, and PE 122 sets forth the total number of shares of bonus stock awarded in each year, as well as the award value and cost of such stock, show that in the period 1920–1929, fifteen of the defendants did not receive any forfeited stock and that the remaining twenty defendants received a total amount having an award value of $262,258, if the year 1922 is included, and of $96,205 if the year 1922 is excluded. During the period 1920–1929, Mr. Sloan received a total of $40,254 of forfeited stock, if 1922 is included, and $7,250 if 1922 is excluded. Mr. Smith received $2,925 in this period.

"We speak of excluding the year 1922 because in that year the total of the forfeited stock and the amount of the bonus— $1,342,000—was less than the 10% that could have been awarded for bonus purposes. As is apparent from the annual report for the year 1922 (PE 1-E, pp. 24–6), application of the '10 after 7' bonus formula would have produced a bonus fund of about $2,710,000. The actual provision for bonus in 1922 charged against earnings was however only $1,342,000. With the addition of 66,415 common (old no par value) shares of forfeited stock having an award value of $14 a share, or a total of $929,-810, the fund was still below that permitted by the '10 after 7' formula.

"It thus appears that the defendants, including all the persons being released in the settlement, benefited to the extent of only $96,205 throughout the entire period of the twenties by the redistribution of forfeited stock. It should also be pointed out that the Managers Securities Plan went into effect in 1923 and that from that year through 1929 these individuals received practically all of their supplemental compensation through the Managers Securities Plan, which means that they received practically no forfeited stock. Their last substantial participation in forfeited stock was 20 years ago.

"Your Honor's memorandum of November 4, 1942 stated that the settlement should be made only with those named as defendants in the consolidated amended complaint herein who contributed to the amount of the settlement. Three directors, namely, M. E. Coyle, C. T. Fisher and F. J. Fisher, were not named in the consolidated amended complaint herein but were named in the derivative stockholders suit brought in this court by Charles E. Singer which was stayed pending the determination of the Winkelman case. We propose that Messrs. Coyle, C. T. Fisher and the executors of F. J. Fisher who are willing to pay part of the $4,500,000, be included in the settlement and receive releases accordingly. The persons who would receive releases under the settlement as modified are listed on Exhibit B attached hereto.

"Respectfully yours,

"John T. Smith

"Attorney for Albert, Bradley, Donaldson Brown, James D. Mooney, John J. Schumann, Jr., Alfred P. Sloan, Jr., John Thomas Smith and Clarence M. Woolley

"Davis Polk Wardwell Gardiner & Reed

"Attorneys for Junius S. Morgan and George Whitney"

"Exhibit A

"To All to Whom These Presents Shall Come or May Concern:

"Greeting:

"Know Ye that General Motors Corporation, for and in consideration of the sum of Four Million Five Hundred Thousand Dollars ($4,500,000) lawful money of the United States of America, to it in hand

paid by John Doe and others, the receipt of all of which is hereby acknowledged, and other valuable consideration, has remised, released and forever discharged the said John Doe, his legal representatives, executors, administrators and assigns, of and from all claims growing out of or based upon any matter or issue judicially determined in the 69 conclusions of law filed on April 10, 1942, in Winkelman et al. v. General Motors Corporation et al., Equity 84-221 [44 F.Supp. 960], Consolidated Cause, in the United States District Court for the Southern District of New York which against him General Motors Corporation ever had or now has or which it hereafter may have by reason of any act or omission done or occurring before August 7, 1941, (the date of the close of trial in said Winkelman case); or by reason of any expenses borne by General Motors Corporation in connection with the aforementioned litigation. This release shall not cover any claim arising from any act or omission done or occurring prior to May 27, 1929; except that it shall cover any claim growing out of or based upon the alleged invalidity of the General Motors Corporation Bonus, Managers Securities or General Motors Management Corporation Plans, or any amendments thereto, and any claim growing out of or based upon any matter or issue which has been judicially approved in said conclusions of law in connection with the administration of said plans or any amendments thereto. This release covers any claim for damages which General Motors Corporation may have growing out of or based upon the exchange of 243,392 shares of General Motors Common Stock for 2400 Managers Securities Class B shares on June 4, 1930, but does not cover any claim which General Motors Corporation may have against Regent Corporation, John J. Raskob or Pierre S. duPont growing out of or based upon benefits which may have been realized by any of them as a result of said exchange.

"In the releases for John J. Raskob and Pierre S. duPont only, the following proviso shall be added, with appropriate changes of name:

"provided however that the delivery to and acceptance of this release by John J. Raskob are upon the condition that the same shall be wholly without prejudice to his rights and contentions, and those of Regent Corporation and Pierre S. duPont,

in respect of said exchange and shall not be deemed an admission by him or them in any action or proceeding."